UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY MEDEIROS<br><br>          Plaintiff,<br><br>v.<br><br><br>MARYANN D'ADDEZIO KOTLER.<br><br>          Defendant. | Case No.: 19cv1787 JAH (LL)<br><br>**ORDER:**<br><br>**1. GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2];**<br><br>**2. DENYING MOTION TO APPOINT COUNSEL [Doc. No. 3];**<br><br>**3. DISMISSING COMPLAINT WITH PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) [Doc. No. 1]** |

## INTRODUCTION

On September 17, 2019, Kimberly Medeiros ("Plaintiff"), proceeding *pro se*, filed a complaint seeking damages against San Diego Superior Court Judge Maryann D'Addezio Kutler ("Defendant") for violations "of certain protections guaranteed to him by the First, Fifth, Eighth, Ninth and Fourteenth Amendments of the Federal Constitution." *See* Doc. No. 1 at 1. Civil filing fees, as required by 28 U.S.C. § 1914(a), were not paid at the time of filing. Instead, a motion for leave to proceed *in forma pauperis* ("IFP") was filed,

1

19cv1787 JAH (LL)

pursuant to 28 U.S.C. § 1915(a).  *See* Doc. No. 2.  Plaintiff also filed a motion to appoint counsel. Doc. No. 3. After a careful review of the pleadings, exhibits and motions and for the reasons set forth below, the Court (1) **GRANTS** the motion for leave to proceed IFP, [Doc. No. 2]; (2) **DENIES** the motion to appoint counsel [Doc No. 3], and (3) **DISMISSES** the Complaint, [Doc. No. 1], with prejudice.

## DISCUSSION

### I.    Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all of their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

In support of Plaintiff's motion, she has submitted an application to proceed in district court without paying fees or costs. *See* Doc. No 2. The application indicates that Plaintiff is currently self-employed and earns an income of $1,833[2] per month. Doc. No. 2 at 5. Plaintiff receives no income from real property, investments, retirement accounts, gifts, or alimony. *Id*. at 1. Plaintiff's average monthly expenses total $2895.00, exceeding her total monthly income.  *Id*. at 4-5. She indicates no other assets of value. *Id*. at 2-5.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

[2] Plaintiff represents she earns $22,000 average monthly income in section one of her IFP application, but later represents a gross monthly pay of $1833.00. *See* Doc. No. at 1-2. Because the Court believes Plaintiff erroneously placed a yearly salary where a monthly salary was requested, the Court will resolve this discrepancy in Plaintiff's favor.

Based on these representations, the Court finds Plaintiff is unable to pay the statutory filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

## II.  Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A.  Standard of Review

When a plaintiff seeks leave to proceed IFP, pursuant to 28 U.S.C. § 1915(a), the Complaint is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that… (B) the action or appeal… (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (section 1915(e) not only permits, but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012).

Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984); see *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly

3

be cured by the allegation of other facts. See *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

### B. Insufficiency of the Complaint

In the Complaint, Plaintiff alleges due process claims against Superior Court Judge Maryann D'Addezio Kotler based on her rulings during family court proceedings. The Ninth Circuit has held that judges are absolutely immune from civil liability for acts performed in their official capacity. *See Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986); *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996). In the instant case, all of Plaintiff's allegations concern Judge Kotler's conduct in her judicial capacity, specifically Defendant's decision to remove two minor children from Plaintiff's custody. *See Stump v. Sparkman,* 435 U.S. 349 (1978) (stating that a "judicial act" is one that is normally performed by a judge or an action where the parties dealt with the judge in his judicial capacity); *Pierson v. Ray,* 386 U.S. 547, 553-54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). As such, Judge Kotler is shielded from liability from the claims of purported misconduct in Plaintiff's complaint. *See In re Castillo,* 297 F.3 d 940, 947 (9th Cir. 2002) ("[A]bsolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives.").

Thus, Plaintiff's complaint is subject to *sua sponte* dismissal for failing to state a claim upon which relief can be granted. Further, because judges acting in their official capacity are afforded absolute immunity, the deficiencies in the complaint cannot be cured. Accordingly, the Court **DISMISSES** this action with prejudice.

### III. Motion for Appointment of Counsel

Plaintiff moved for appointment of counsel based on an inability to pay for the cost of an attorney. *See* Doc No. 3. She notes that she had her car repossessed and is in the process of filing for bankruptcy because she owes over $25,000 in attorney's fees. *Id*.

The motion was brought pursuant to paragraph (e)(1) of section 1915, which provides that a court "may request an attorney to represent any such person unable to employ counsel." 28 U.S.C § 1915 (e)(1). However, the authority of a court to appoint

4

counsel is discretionary and there exists no statutory or constitutional right for an indigent to have counsel appointed in a civil case. *Willbourn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986).

> Counsel may be appointed under [1915(e)(1)] only in 'exceptional circumstances' which requires an evaluation of both: (1) the likelihood of success on the merits, and (2) the ability of petitioner to articulate [her] claims *pro se* in light of the complexity of the legal issues involved. Neither factor is dispositive and both must be viewed together. (Citations omitted)

*Collier v. Pickett*, No. C-94-20065-RMW, 1995 WL 274186, at *1 (N.D. Cal. May 9, 1995) (citing *Willbourn*, 789 F.2d at 1331). Even assuming Plaintiff's limited financial resources and inability to articulate her claims, the Court finds appointment of counsel in the instant action unwarranted. In light of this Court's determination that Plaintiff has failed to state a claim for relief, the Court also finds that Plaintiff has not shown a likelihood of success on the merits of her case and therefore Plaintiffs motion to appoint counsel is **DENIED**.

## CONCLUSION AND ORDER

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. Plainitff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(a), [Doc. No. 2] is **GRANTED**;

2. Plaintiff's Motion to Appoint Counsel [Doc. No. 3] is **DENIED**;

3. The Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED**.

DATED: June 25, 2020

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE